# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE D. NEWMAN, | CASE NO.    1:11-cv-1177-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | (ECF No. 1) |
| JAMES H. HARTLEY, et. al., | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |
| _____/ | |

Plaintiff Tyrone D. Newman ("Plaintiff") is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on July 18, 2011.  (ECF No. 1.)  No other parties have appeared.  Plaintiff's Complaint is now before the Court for screening.

For the reasons stated below, the Court finds that Plaintiff fails to state a cognizable claim.  He will be given leave to amend.

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

1  such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

2  thereof, that may have been paid, the court shall dismiss the case at any time if the court

3  determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

4  granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

5  A complaint must contain "a short and plain statement of the claim showing that the

6  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

7  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

8  mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, ____ U.S. ____, ____, 129

9  S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

10  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

11  plausible on its face.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

12  Facial plausibility demands more than the mere possibility that a defendant committed

13  misconduct and, while factual allegations are accepted as true, legal conclusions are not.

14  Id. at 1949-50.

15  **II.    PLAINTIFF'S CLAIMS**

16  Plaintiff was formerly incarcerated at Avenal State Prison ("ASP"), where all of the

17  events at issue in the Complaint occurred.  Plaintiff has since been released.  Plaintiff

18  alleges that he was retaliated against, in violation of the First Amendment, for filing or trying

19  to file grievances.

20  Plaintiff names the following individuals as Defendants: 1) James A. Hartley, warden

21  of ASP, 2) D'Artni, Second Watch Correctional Officer at ASP, 3) P. Martin, Second Watch

22  Correctional Officer at ASP, and 4) Lavorcy, Second Watch Correctional Officer.

23  Plaintiff seeks compensation for emotional pain and suffering, punitive damages,

24  court costs and legal fees.

25  His allegations are as follows:

26  Plaintiff's First Amendment rights were violated on July 12, 2011. (Compl., ECF No.

27  1 at 4.)  Plaintiff claims, in effect, that he was retaliated against for pursuing inmate

28  grievances about prison staff opening his legal mail on June 22, 2011.  (Id.)  On July 12,

2011, Plaintiff was confronted by Defendant Martin who gave Plaintiff a CDCR 128-B chrono.  The chrono was in response to Plaintiff's July 11, 2011 request that  Defendant Martin provide appeals forms so Plaintiff could challenge  the improper opening of his legal mail on June 22, 2011.  (Id. at 4, 22.)  After Plaintiff read the chrono, Defendant D'Artni said "that sounds like a threat to me."  (Id. at 4.)  Plaintiff understood this to mean that he could be given a false charge of threatening a correctional officer as retaliation for his grievances.  (Id.)  This comment had a chilling effect on Plaintiff because he felt he was being retaliated against.  (Compl. at 5.)  Defendant Martin then said he was going to write another chrono as a result of Plaintiff threatening him.  (Id.)

Plaintiff advised his civil attorney about the incident.  (Compl. at 5.)  She documented the incident.  (Id.)  Plaintiff also wrote three chronos to Defendant Hartley to inform him of this incident.  (Id.)  In his chrono Plaintiff, explained how he had been "chilled" from filing 602s and how Defendants D'Artni and Martin had threatened and intimidated him.  (Id.)

Defendant Lavorcy also caused Plaintiff emotional trauma because of her generally mean disposition on the prison yard.  (Id. at 6.)

As a result of Defendants' actions, Plaintiff has suffered from emotional damage and trauma.

## III.   ANALYSIS

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245

1   (9th Cir.1987).

2   **A.    Federal Rule of Civil Procedure 18(a)**

3   Fed. R. Civ. P. 18(a) states that "[a] party asserting a claim to relief as an original

4   claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or

5   as alternate claims, as many claims, legal, equitable, or maritime, as the party has against

6   an opposing party." "Thus multiple claims against a single party are fine, but Claim A

7   against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.

8   Unrelated claims against different defendants belong in different suits, not only to prevent

9   the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure

10  that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the

11  number of frivolous suits or appeals that any prisoner may file without prepayment of the

12  required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

13  The fact that claims are premised on the same type of constitutional violation(s) (i.e.

14  deliberate indifference) against multiple defendants does not make them factually related.

15  Claims are related where they are based on the same precipitating event, or a series of

16  related events caused by the same precipitating event.

17  Plaintiff's Complaint asserts unrelated claims in violation of Rule 18: (1) a First

18  Amendment claim for retaliation against Defendants Martin, D'Artni, and Hartley and (2)

19  a claim against Defendant Lavorcy with an unspecified statutory basis.

20  The Court will address all of Plaintiff's claims and the law applicable to them so that

21  Plaintiff might evaluate which, if any, he feels may be and should be pursued here and

22

23

24

25

26

27

28                                                    -4-

1  which, if any, may be and should be pursued in different actions.[1]

2  Plaintiff must file a separate complaint for each unrelated claim against different

3  Defendants.  If he does not, all unrelated claims will be subject to dismissal.

4  **B.    Retaliation Claim**

5  It appears Plaintiff is claiming that Defendants Hartley, D'Artni, and Martin retaliated

6  against him for pursuing constitutional rights.  Defendant Martin filed a chrono against him

7  because he asked for grievance forms.  Defendant D'Artni made a comment that implied

8  that Defendant Martin's actions were meant as a threat.  Defendant Hartley was informed

9  about these incidents and choose to ignore them, thereby allowing the retaliation to

10  continue.

11  "Within the prison context, a viable claim of First Amendment retaliation entails five

12  basic elements: (1) An assertion that a state actor took some adverse action against an

13  inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

14  the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

15  advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th

16  Cir. 2005).

17  Plaintiff has not described any action taken against him that could be considered

18  "adverse".  Although Defendant Martin filed a chrono against him, the chrono innocuously

19  reflected only that Plaintiff asked for grievance forms and that Defendant Martin gave them

20  to him.  Neither that nor Defendants D'Artni and Hartley's response to it constitute adverse

21  actions.

22  _____

23  [1] Plaintiff is reminded that filing an action based on claims that are not cognizable and/or frivolous
may adversely affect his ability to file actions in forma pauperis in the future.  28 U.S.C. § 1915(g).

-5-

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent"). Circumstances suggest that Defendants took their actions in response to Plaintiff's pursuit of protected conduct. Those circumstance may be sufficient to satisfy this second prerequisite of a retaliation claim.

Filing a grievance is protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights legal action is also protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). Plaintiff has alleged that he was engaged in conduct that was protected under the First Amendment. He was attempting to obtain grievance forms that would allow him to complain about interference with his mail by prison officials. This constitutes protected conduct under the First Amendment for retaliation purposes. Plaintiff has alleged sufficient facts to satisfy this third prong.

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff

-6-

persists in his protected activity...." <u>Mendocino Envtl. Ctr. v. Mendocino County</u>, 192 F.3d 1283, 1300 (9th Cir. 1999).  The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. <u>Rhodes</u>, 408 F.3d at 568-69 (citing <u>Mendocino Envtl. Ctr.</u>, 192 F.3d at 1300).  Although Plaintiff alleges the conclusion that he was "chilled", the alleged retaliatory action was so innocuous it could not be said to chill a person of ordinary firmness from exercising First Amendment activities.  It does not satisfy the forth prerequisite.

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." <u>Rizzo</u>, 778 F.2d at 532. Though this is not a high burden, <u>see id.</u> (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry), Plaintiff has not alleged facts to show that Defendants had no legitimate penological motivation for their actions.  Plaintiff needs to describe in more detail the surrounding circumstances to enable the Court to determine if Plaintiff has satisfied the fifth prong of a retaliation claim.

Because Plaintiff has failed to allege sufficient facts to satisfy all five prongs of his retaliation claim, the Court finds that he has failed to state a claim upon which relief could be granted.  Plaintiff will be given leave to amend this claim if he believes he can do so and assert a non-frivolous claim for retaliation based upon something more than what is described in his Complaint.  If he chooses to do so, he must show how all five prerequisites to a retaliation claim can be met based upon such negligible activity by prison officials.

### C.     Tort Claim for "Emotional Suffering"

As currently pled, Plaintiff only alleges that Defendant Lavorcy caused him emotional suffering because of her "nasty disposition" on the prison yard.  Negligence and "emotional suffering"are causes of action arising under state law.

Under the California Tort Claims Act, a plaintiff may not maintain an action for damages against a public employee unless he timely filed a notice of tort claim.  Cal. Gov't Code §§ 905, 911.2, 945.4 & 950.2; <u>Mangold v. California Pub. Utils. Comm'n</u>, 67 F.3d

1  1470, 1477 (9th Cir. 1995).   Thus, to raise a state claim, Plaintiff must allege facts

2  demonstrating compliance with the presentation requirement of the California Tort Claims

3  Act. State of California v. Superior Court, 32 Cal.4th 1234, 1243–44, 13 Cal.Rptr.3d 534,

4  90 P.3d 116 (2004); Snipes v. City of Bakersfield, 145 Cal.App.3d 861, 865, 193 Cal.Rptr.

5  760 (Cal.App.1983).   When a plaintiff fails to allege compliance, it is fatal to the cause of

6  action and results in the dismissal of the state law claim.   Id.; Willis v. Reddin, 418 F.2d

7  702, 704 (9th Cir. 1969).   Plaintiff has not alleged that he made any effort to comply with

8  the California Tort Claims Act.

9        To comply with the California Tort Claims Act, a complaint must at a minimum,

10  "identify the date, place, and other circumstances of the occurrence or transaction which

11  gave rise to the claim asserted." Cal. Gov't Code § 910(c).   Additionally, claims "relating

12  to a cause of action for ... injury to a person" must be presented no later than six months

13  after the accrual of the cause of action."   Cal. Gov't Code § 911.2(a).   "Failure to timely

14  present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit

15  against that entity." Pimentel v. County of Fresno, 2011 U.S. Dist. LEXIS 10117, at *26,

16  2011 WL 350288 (E.D.Cal. Feb. 2, 2011), citing City of Stockton v. Superior Court, 42

17  Cal.4th 730, 738, 68 Cal.Rptr.3d 295, 171 P.3d 20; Cal. Gov't.Code § 945.4.

18        Plaintiff cannot state a claim of negligence and "emotional suffering" without

19  showing he has complied with the requirements of the California Tort Claims Act.   Plaintiff's

20  claim will be dismissed.   He will be given one opportunity to amend this claim to show he

21  has exhausted his remedies under the California Tort Claims Act and now properly and

22  timely seeks judicial review of the action taken on his California Tort Claims Act.   However,

23  even if Plaintiff complies with these requirements, he must consider whether it is ever

24  appropriate to bring a federal constitutional action for a prison guard's bad disposition.

25  Plaintiff's allegations of negligence and "emotional suffering" are unlikely to meet the

26  plausibility pleading requirement set out by Iqbal.   See Iqbal, 129 S. Ct. at 1949 (quoting

27  Twombly, 550 U.S. at 555) (Plaintiff must set forth a claim that "is plausible on its face").

28  On its face such a claim screams of frivolousness.   Pursuit of clearly frivolous claims can

1  expose the Plaintiff to sanctions.

2  **IV.  CONCLUSION AND ORDER**

3  Plaintiff's Complaint fails to state a claim upon which relief may be granted under

4  § 1983.  The Court will provide Plaintiff with the opportunity to amend to cure the

5  deficiencies in his claim.  Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-

6  49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated

7  claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no

8  "buckshot" complaints).

9  Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state

10  what each named defendant did that led to the deprivation of Plaintiff's constitutional rights,

11  Iqbal, S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be

12  [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at

13  555 (citations omitted).

14  Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana,

15  Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.

16  1987), and it must be "complete in itself without reference to the prior or superceded

17  pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original

18  complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at

19  567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord

20  Forsyth, 114 F.3d at 1474.

21  Accordingly, it is HEREBY ORDERED that:

22  1.      The Clerk's Office shall send Plaintiff a complaint form;

23  2.      Plaintiff's Complaint, filed July 18, 2011, is dismissed for failure to state a

24          claim upon which relief may be granted under § 1983;

25  3.      Within **thirty (30) days** from the date of service of this Order, Plaintiff shall

26          file an amended complaint; and

27  4.      If Plaintiff fails to file an amended complaint in compliance with this Order,

28

1   this action will be dismissed with prejudice for failure to state a claim.

2   IT IS SO ORDERED.

3   Dated:   March 14, 2012                          /s/ *Michael J. Seng*
    ci4d6                                    UNITED STATES MAGISTRATE JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28