1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

TYRONE D. NEWMAN,

              Plaintiff,

   v.

JAMES H. HARTLEY, et. al.,

              Defendants.

_____/

CASE NO.   1:11-cv-1177-MJS (PC)

ORDER DISMISSING PLAINTIFF'S ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM

(ECF NO. 13)

CLERK TO CLOSE FILE

DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g)

17    Plaintiff Tyrone D. Newman ("Plaintiff") is a former state prisoner proceeding pro se

18  in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff consented to Magistrate

19  Judge jurisdiction.  (ECF No. 4.)

20    Plaintiff initiated this action on July 18, 2011.  (ECF No. 1.)  No other parties have

21  appeared.  The Court screened Plaintiff's original Complaint, and dismissed it with leave

22  to amend for failure to state a claim.  (ECF No. 10.)  Plaintiff filed an amended complaint

23  on May 23, 2012.  (ECF No. 13.)  The Court finds that Plaintiff again fails to state a

24  cognizable claim.

25  **I.    SCREENING REQUIREMENT**

26    The Court is required to screen complaints brought by prisoners seeking relief

27  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

28  § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

1  raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

2  relief may be granted, or that seek monetary relief from a defendant who is immune from

3  such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

4  thereof, that may have been paid, the court shall dismiss the case at any time if the court

5  determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

6  granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

7  A complaint must contain "a short and plain statement of the claim showing that the

8  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

9  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

10  mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, ____ U.S. ____, ____, 129

11  S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

12  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

13  plausible on its face.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

14  Facial plausibility demands more than the mere possibility that a defendant committed

15  misconduct and, while factual allegations are accepted as true, legal conclusions are not.

16  Id. at 1949-50.

17  **II.    PLAINTIFF'S CLAIMS**

18  Plaintiff was formerly incarcerated at Avenal State Prison ("ASP") where all of the

19  events at issue in the Complaint occurred.  Plaintiff has since been released.  Plaintiff

20  alleges that the following individuals violated his First Amendment rights:  1) James A.

21  Hartley, warden of ASP, 2) D'Artni, Second Watch Correctional Officer at ASP, and 3) P.

22  Martin, Second Watch Correctional Officer at ASP.

23  The allegations of Plaintiff's Amended Complaint are nearly identical to his original

24  Complaint.  He alleges:

25  On July 12, 2011, Defendant Martin called Plaintiff to the podium and presented him

26  with a CDCR 128-B chrono dated July 11, 2011, regarding a previous conversation

27  Defendant Martin and Plaintiff had had about the opening of Plaintiff's mail. (Am. Compl.

28  at 4.)  Defendant D' Artni said "that sounds like a threat to me." (Id. at 5.)  Plaintiff

1  interpreted this statement to mean that Defendant D'Artni was threatening him with a false

2  charge for threatening a correctional officer.  (Id.)  Plaintiff had seen these Defendants

3  assault other inmates, and he became concerned for his safety.  (Id.)  Plaintiff filed three

4  CDCR 22 informal chronos to inform Defendant Hartely of the incident at the podium.  (Id.

5  at 6.)  As a result of Plaintiff's fears, Plaintiff did not file any 602 inmate grievances for the

6  opening of his legal mail from this Court.  (Am. Compl. at 5.)  One of the individuals who

7  opened Plaintiff's mail was a friend of Defendants Martin and D'Artni.  (Id.)

8      Plaintiff seeks compensation for emotional pain and suffering, punitive damages,

9  court costs and legal fees.

10  **III.    ANALYSIS**

11      Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges,

12  or immunities secured by the Constitution and laws' of the United States."  Wilder v.

13  Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983

14  is not itself a source of substantive rights, but merely provides a method for vindicating

15  federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

16      To state a claim under section 1983, a plaintiff must allege two essential elements:

17  (1) that a right secured by the Constitution or laws of the United States was violated, and

18  (2) that the alleged violation was committed by a person acting under the color of state law.

19  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

20  1245 (9th Cir.1987).

21      Plaintiff claims that Defendants Hartley, D'Artni, and Martin retaliated against him

22  for pursuing constitutional rights.  Defendant Martin filed a chrono against him because he

23  asked for grievance forms.   Defendant D'Artni made a comment that implied that

24  Defendant Martin's actions were meant as a threat.  Defendant Hartley was informed about

25  these incidents.

26      "Within the prison context, a viable claim of First Amendment retaliation entails five

27  basic elements: (1) An assertion that a state actor took some adverse action against an

28  inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

1  the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

2  advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th

3  Cir. 2005).

4      Plaintiff has not described any action taken against him that could be considered

5  "adverse". As the Court informed Plaintiff previously, Defendant Martin's chrono against

6  Plaintiff apparently reflected only that Plaintiff had asked for grievance forms and

7  Defendant Martin gave them to him. Neither that nor anything Defendants D'Artni and

8  Hartley reportedly did in response to it constitute adverse actions.

9      The second element of a prisoner retaliation claim focuses on causation and motive.

10  See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his

11  protected conduct was a "'substantial' or 'motivating' factor behind the defendant's

12  conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.

13  1989). Although it can be difficult to establish the motive or intent of the defendant, a

14  plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir.

15  2003) (finding that a prisoner established a triable issue of fact regarding prison officials'

16  retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines

17  v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th

18  Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory

19  intent"). As the Court said before, circumstances suggest that Defendants took their

20  actions in response to Plaintiff's pursuit of protected conduct. Those circumstances are

21  sufficient to satisfy this second prerequisite of a retaliation claim.

22      Filing a grievance is protected action under the First Amendment. Valandingham

23  v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights legal action is

24  also protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

25  1985). Plaintiff has alleged that he was engaged in conduct that was protected under the

26  First Amendment. He was attempting to obtain grievance forms that would allow him to

27  complain about interference with his mail by prison officials. This constitutes protected

28

-4-

1 conduct under the First Amendment for retaliation purposes.  Plaintiff has alleged sufficient

2 facts to satisfy this third  prong.

3    With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape

4 liability for a First Amendment violation merely because an unusually determined plaintiff

5 persists in his protected activity...." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d

6 1283, 1300 (9th Cir. 1999).  The correct inquiry is to determine whether an official's acts

7 would chill or silence a person of ordinary firmness from future First Amendment activities.

8 Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).  Although

9 Plaintiff again repeatedly alleges that he was "chilled", the alleged retaliatory action was

10 so innocuous it could not plausibly be said to chill a person of ordinary firmness from

11 exercising First Amendment activities.  It does not satisfy the fourth prerequisite.

12    With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison

13 authorities' retaliatory action did not advance legitimate goals of the correctional institution

14 or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532.

15 Though this is not a high burden, see id. (prisoner's allegations that search was arbitrary

16 and capricious sufficient to satisfy this inquiry), Plaintiff has not alleged facts to enable the

17 Court to conclude that Defendants had no legitimate penological motivation for their

18 actions.  One Defendant issued him a chrono and two Defendants failed to properly

19 respond to it.  Plaintiff was told to provide more details regarding the surrounding

20 circumstances to enable the Court to examine them for facts supporting this fifth element,

21 but he failed to do so.  There appearing  to have been a valid reason for the chrono and

22 Plaintiff failing to provide further information, he has failed to satisfy this prong.

23    Because Plaintiff has failed to allege sufficient facts to satisfy all five prongs of his

24 retaliation claim, the Court finds that he has failed to state a claim upon which relief could

25 be granted.  Inasmuch as he previously was advised of the deficiencies in his pleading and

26 given an opportunity to correct them, it is reasonable to conclude they are not correctable.

27 Thus, no useful purpose would be served by giving him yet another opportunity to amend

28

-5-

1 this claim.

2 **IV.    CONCLUSION AND ORDER**

3      In conclusion, Plaintiff's amended complaint fails to state any claims under the First

4 Amendment for retaliation.  Plaintiff was previously given notice of the deficiencies and an

5 opportunity to amend, and further leave to amend is not warranted.  <u>Lopez</u>, 203 F.3d at

6 1130; <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

7      Based on the foregoing, it is HEREBY ORDERED that:

8     1.    This action is DISMISSED, with prejudice, for failure to state any claims

9           under section 1983; and

10     2.    This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C.

11           § 1915(g).  <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

12

13 IT IS SO ORDERED.

14 Dated:    June 28, 2012        /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE

-6-